IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

Plaintiff,

vs.

**JOSE R. GUERRERO,** aka **JUAN RAMIREZ GUERRERO,** aka **JOSE GUERRERO-RAMIREZ,**

Defendant.

Civil Case No. 09-1400-KI

OPINION AND ORDER

Tony West
Assistant Attorney General
United States Department of Justice
J. Max Weintraub
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section

Page 1 - OPINION ND ORDER

Melissa S. Leibman
United States Department of Justice
Office of Immigration Litigation
District Court Section
P. O. Box 868, Ben Franklin Station
Washington, D. C. 20044

    Attorneys for Plaintiff

Michael T. Purcell
520 SW Yamhill, Suite 422
Portland, Oregon 97204

    Attorney for Defendant

KING, Judge:

In this action, the government seeks to revoke the naturalization of defendant Jose R. Guerrero under 8 U.S.C. § 1451. Before the court are several motions centered around the government's failure to attach to the complaint an affidavit showing good cause. For the reasons below, I dismiss the action without prejudice.

## DISCUSSION

Guerrero, originally a Mexican citizen, was naturalized in 1996. In 2001, Guerrero was charged with one count of Sodomy in the First Degree with a victim under 12 years of age for acts occurring between June 30, 1990 and August 1, 1991 and seven counts of Sexual Abuse in the First Degree with a victim under 14 years of age for conduct occurring between August 5, 1991 and June 30, 1994. Guerrero was convicted of several of these counts and sentenced to prison.

An applicant for United States citizenship is asked if he has knowingly committed any crimes for which he has not been arrested. The government alleges that Guerrero illegally

Page 2 - OPINION AND ORDER

procured his naturalization by concealing his earlier crimes during the naturalization process. The government seeks to revoke Guerrero's naturalization under 8 U.S.C. § 1451(a), which states in part:

> It shall be the duty of the United States attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any district court . . . for the purpose of revoking and setting aside the order admitting such person to citizenship . . . on the ground that such order . . . [was] illegally procured or [was] procured by concealment of a material fact or by willful misrepresentation.

The Complaint referenced the affidavit mentioned in the statute but failed to attach it, due to an administrative error which the government seeks to correct. The government agrees that the affidavit is a necessity under the statute but argues that the affidavit is a procedural prerequisite, rather than a jurisdictional prerequisite, thus allowing the affidavit to be attached after the complaint is filed.

Guerrero argues that the defect cannot be cured by filing the affidavit after the complaint. Thus, Guerrero contends that it is futile for the court to allow the government to amend the complaint by attaching the affidavit because even the amended complaint, with the affidavit attached, cannot withstand a motion to dismiss.

An affidavit showing good cause is a procedural prerequisite to proceedings under 8 U.S.C. § 1451(a). United States v. Zucca, 351 U.S. 91, 99, 76 S. Ct. 671 (1956). The Second Circuit distinguished Zucca in a series of cases and held that the government could proceed by filing the affidavit after commencement of the action. See United States v. Matles, 247 F.2d 378 (2nd Cir. 1957), rev'd, 356 U.S. 256, 78 S. Ct. 712 (1958). The Supreme Court granted certiorari in three cases and reversed the Second Circuit in per curiam decisions:

Page 3 - OPINION AND ORDER

>The petition for writ of certiorari is granted.  The judgment of the court of Appeals for the Second Circuit is reversed and the case is remanded to the District Court with directions to dismiss the complaint.  An affidavit showing good cause is a prerequisite to the initiation of denaturalization proceedings.  The affidavit must be filed with the complaint when the proceedings are instituted.  United States v. Zucca, 351 U.S. 91, 99-100, 76 S. Ct. 671, 100 L. Ed. 964.

Lucchese v. United States, 356 U.S. 256, 78 S. Ct. 713 (1958); See also Matles, 356 U.S. 256; Costello v. United States, 356 U.S. 256, 78 S. Ct. 714 (1958).

The Ninth Circuit also interpreted Zucca to require filing the affidavit at the institution of the action.  United States v. Diamond, 255 F.2d 749, 750 (9th Cir. 1957), aff'd, 356 U.S. 257, 78 S. Ct. 715 (1958) (filed concurrently with Matles).

The government's reliance on Title v. United States, 263 F.2d 28 (9th Cir.), cert. denied, 359 U.S. 989 (1959), is misplaced.  The district court revoked the order admitting Title to citizenship and cancelled his certificate of naturalization, even though the government never filed the affidavit showing good cause.  Id. at 29.  The appellate court dismissed Title's appeal, however, for failure to prosecute.  After the Court's ruling in Zucca and Matles, Title unsuccessfully moved the district court to vacate the denaturalization judgment.  The Ninth Circuit affirmed, basing its holding on the fact that Title never perfected his appeal:

>Our holding in United States v. Diamond, 9 Cir., 1957, 255 F.2d 749, in no way conflicts with our holding here.  Were Title's appeal presently before us, we would reverse the judgment of denaturalization rendered against him by the district court.  But that appeal he has voluntarily failed to prosecute.  He is in the same status as any other individual who fails to protect fully his valid legal rights, by neglecting to perfect his appeal.

Id. at 30.

Based on Zucca and Matles, the government cannot correct its filing error by attaching the affidavit to the complaint two months after commencing the action.  United States v. Dang,

Page 4 - OPINION AND ORDER

488 F.3d 1135 (9th Cir. 2007), cert. denied, 128 S. Ct. 1288 (2008), also does not assist the government. Dang held that the district court did not err by allowing the government to file an amended complaint without submitting a supplementary affidavit of good cause. Id. at 1143. The government filed the original complaint in Dang with an affidavit, contrary to the situation before me, so the case was initiated with the required affidavit.

The government's arguments to distinguish the case law do not persuade me. Consequently, I deny the government's motion to attach the affidavit and motion to amend the complaint.[1]

The last issue is whether to dismiss the case with prejudice. In Costello v. United States, 365 U.S. 265, 81 S. Ct. 534 (1961), the Court held that a dismissal for failure to file the affidavit of good cause in a denaturalization proceeding was a dismissal for lack of jurisdiction and, thus, a dismissal without prejudice. Id. at 285. The Court noted that the defendant was not required to prepare a defense because the failure to file the affidavit required dismissal of the proceeding. Id. at 287.

The government asks me to either treat the proposed first amended complaint with the existing affidavit of good cause as a newly filed original complaint or let the government initiate a new case with the proposed first amended complaint and existing affidavit. Defendant argues that the government has forfeited the protection of Costello by fighting on and requiring defendant to prepare a defense.

---

[1] In the motion to amend, the government seeks to amend Count One to allege a new legal theory supporting denaturalization. The proposed first amended complaint also has the affidavit attached to it. The amendment would be futile because the first amended complaint cannot correct the problem of failing to attach the affidavit to the original complaint which initiated the proceeding.

Page 5 - OPINION AND ORDER

Although I do not understand why the government did not dismiss the action and file a second one once the error with the affidavit became evident, we have not reached the merits of the case and defendant has not had to fully prepare a defense. I will follow Costello and dismiss the case without prejudice. I will not stray from normal court procedure, however, by following the government's suggestions for the proposed first amended complaint. If the government wishes to proceed, it can file a complaint and affidavit in a new action, pay the filing fee, get a new case number, and begin anew.

## CONCLUSION

The government's Motion to Attach Affidavit as Exhibit A to Complaint to Revoke Naturalization (#5) and Motion for Leave to Amend Complaint to Revoke Naturalization (#8) are denied. Defendant's Motion to Dismiss and for Judgment on the Pleadings and Summary Judgment (#10) is granted as explained above.

IT IS SO ORDERED.

Dated this      29th      day of March, 2010.

                                             /s/ Garr M. King
                                             Garr M. King
                                             United States District Judge