IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

           Plaintiff,

vs.

**JOSE R. GUERRERO,** aka Juan Ramirez Guerrero, aka Jose Guerrero-Ramirez,

           Defendant.

Case No. 09-1400-KI

OPINION AND ORDER

    Tony West
    Assistant Attorney General
    Colin A. Kisor
    Senior Litigation Counsel
    Melissa S. Leibman
    United States Department of Justice
    Office of Immigration Litigation
    District Court Section
    P. O. Box 868, Ben Franklin Section
    Washington, D. C.  20044

        Attorney for Plaintiff

Page 1 - OPINION AND ORDER

>Michael T. Purcell
>520 SW Yamhill, Suite 422
>Portland, Oregon  97204
>
>>Attorney for Defendant

KING, Judge:

The government sought to revoke the naturalization of defendant Jose R. Guerrero under 8 U.S.C. § 1451.  I dismissed the action without prejudice after concluding that the government's failure to attach the affidavit of good cause to the Complaint at the institution of the action was a fatal flaw requiring dismissal.  Guerrero now seeks attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

## DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

The parties dispute whether Guerrero is a prevailing party under EAJA.  The government argues that Guerrero cannot be a prevailing party for EAJA purposes because I dismissed the action without prejudice and consequently did not alter the relationship of the parties.  The government notes that it has refiled the case, which is currently pending in front of Magistrate Judge Janice M. Stewart.

Guerrero contends that he is a prevailing party because the court granted his request to dismiss the action based on the government's failure to file the affidavit of good cause simultaneously with the Complaint.  Guerrero claims that the dismissal is a court-sanctioned

Page 2 - OPINION AND ORDER

change in the legal positions of the parties sufficient to make him a prevailing party for EAJA fee purposes.  Guerrero also notes the case law stating that a denaturalization suit is not an ordinary civil action because it involves an important adjudication of status.  Schneiderman v. United States, 320 U.S. 118, 160 (1943).  Guerrero further notes that the "mere filing" of a denaturalization proceeding results in serious consequences for the defendant, even if his citizenship is not cancelled.  United States v. Zucca, 351 U.S. 91, 99-100 (1956).  He thus contends that a dismissal without prejudice in this denaturalization proceeding should be given more weight than if the court entered it in a typical civil action.

  To be a prevailing party for fee litigation purposes, the petitioner must prove that the action "resulted in a 'material alteration of the legal relationship of the parties' and that the alteration was 'judicially sanctioned.'"  Li v. Keisler, 505 F.3d 913, 917 (9th Cir. 2007) (citing Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Res., 532 U.S. 598, 604-05 (2001)).  The Buckhannon rule on prevailing party status governs EAJA fee applications.  Id.

  Under the Buckhannon rule, a party who is dismissed without prejudice is not a prevailing party because the party remains subject to the risk of the government refiling the claim against him.  United States v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009) (Clean Water Act case), cert. denied, Sharp v. United States, 130 S. Ct. 3273 (2010).

  Although I dismissed the action without prejudice, and the government has refiled its claim against Guerrero, he attempts to distinguish the case law on the effect of a dismissal without prejudice.  Relying on Li, Guerrero draws an analogy to cases in which a judgment of remand for continuing proceedings in deportations was sufficient for prevailing party status under EAJA.

Page 3 - OPINION AND ORDER

Li considered three petitions for review in actions before the Board of Immigration Appeals ("BIA"). In each instance after the petitioner filed his or her opening brief in the Ninth Circuit, the respondent moved to remand the action to the BIA to permit it to reconsider some of the petitioner's arguments. The Circuit Mediator granted each motion and entered a remand order in each action. Id. at 915-16. The court concluded that each petitioner was a prevailing party for EAJA purposes because the remand orders were what each petitioner sought from the appellate court. The court reasoned that the remand orders advanced the petitioners' goals and constituted material alterations of the parties' legal relationships. Additionally, the court concluded that a remand by a Circuit Mediator satisfied the judicial imprimatur requirement of Buckhannon. Id. at 917-18.

The situation before me differs from that discussed in Li. In his Answer, Guerrero asked the court to deny the government's claims in their entirety. More specifically, Guerrero does not want his naturalization revoked. Although my dismissal without prejudice delayed the government slightly, its pursuit of Guerrero is continuing before another judge. In Li, the petitioners wanted the Ninth Circuit to require the reopening of their immigration proceedings. The Ninth Circuit's remand orders were a first step in accomplishing just that:

> Petitioner Li's opening brief sought a reopened removal proceeding to apply for asylum and related relief. Our order remanded proceedings to the BIA. Similarly, in Janmohamed, the petitioner sought in her opening brief that which our order granted: a remand to the Agency. Finally, the petitioner in Mendoza-Aguilera sought a remand to the Agency for review of his 212(c) claim. Following our remand order, the BIA ordered the case remanded to the IJ for consideration of Mendoza-Aguilera's 212(c) application and for consideration of the issues raised by petitioner's opening brief. Thus, the Circuit Mediator's remand orders in all three petitions for review advanced the goals sought by petitioners, and constituted material alterations of the parties' legal relationships for purposes of Buckhannon.

Id. at 917.

Page 4 - OPINION AND ORDER

The situation before me, after the dismissal without prejudice, is fundamentally different from the remands in Li.  The dismissal without prejudice did not materially alter the relationship between the government and Guerrero.  The case is still proceeding after a slight delay; Guerrero did not block the government's attack on his naturalization.  Thus, I find that Guerrero is not a prevailing party for EAJA purposes.

## CONCLUSION

Defendant's Motion for Attorney's Fees under the Equal Access to Justice Act (#27) is denied.

IT IS SO ORDERED.

Dated this        30th         day of July, 2010.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge